**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ZHENMEI LU** | **CIVIL ACTION** |
| **VERSUS** | **NO: 2:26-cv-1273** |
| **FIVE HAPPINESS, INC.** | **SECTION: "M" (4)** |

**ORDER & REASONS**

Before the Court is a **Motion to Set Aside Entry of Default (R. Doc. 8)** filed by the Defendant, Five Happiness, LLC (incorrectly identified in the Complaint as "Five Happiness, Inc.") seeking an Order from this Court setting aside the Entry of Default and Default Judgment in the instant litigation and to allow the Defendant to file its Answer to Plaintiff's Complaint. The motion is opposed. R. Doc. 10. A reply was also filed. R. Doc. 11. The instant motion was submitted for the Court's consideration on October 21, 2026.

## I. Background

### a. Factual Background

On June 15, 2026, Plaintiff Zhenmei Lu filed this civil action against Defendant Five Happiness, LLC ("Five Happiness") (incorrectly identified as "Five Happiness, Inc."). R. Doc. 1. That same day, summons was issued by the Clerk of Court. R. Doc. 2.

Plaintiff is currently employed by Five Happiness and alleges that Five Happiness violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. R. Doc. 1 at 3. Plaintiff alleges that from January of 2026 through the present, Five Happiness has discriminated against her based on her race and national origin (designated as "Asian/Chinese") through retaliation and placing unequal terms and conditions on her employment. *Id.* at 4.

Plaintiff specifically alleges that Five Happiness "failed to address workplace harassment directed at Plaintiff because of her language, race, and national origin." *Id.* at 7. Plaintiff contends

that she was verbally harassed by her coworkers because of her race and national origin, and that although Plaintiff reported the incidents to Five Happiness management, they were not effectively addressed. *Id.* at 8. Plaintiff alleges that after she engaged in the protected activities of reporting workplace misconduct, filing a charge with the Equal Employment Opportunity Commission ("EEOC"), and contacting law enforcement, Five Happiness retaliated against her by reducing her work hours, resulting in lost income and unequal terms and conditions of employment. *Id.* at 7.

**b. Subject Motion to Set Aside Entry of Default**

On August 27, 2026, service of process was allegedly made on Five Happiness. R. Doc. 3. The deadline for Five Happiness to file its Answer based on the purported service was September 17, 2026. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (generally, a defendant must serve an answer within 21 days after being served with the summons and complaint). Five Happiness did not file an Answer within the applicable deadline. The service return shows that service was made on Sake Cafe Uptown of Super Clawdom, LLC, generally as serving Five Happiness but not its registered agent.

On September 23, 2026, Plaintiff filed a motion for entry of default against Five Happiness for its failure to respond to her Complaint. R. Doc. 4. On September 28, 2026, the Clerk of Court issued an Entry of Default against Five Happiness. R. Doc. 5. A default judgment has not been ordered pursuant to the entry of default.

On October 2, 2026, Five Happiness filed its Answer to Plaintiff's Complaint. R. Doc. 6. On October 5, 2026, Defendant Five Happiness filed the instant Motion to Set Aside Entry of Default. R. Doc. 8. Five Happiness contends that it "through mistake, inadvertence, and excusable neglect, failed to answer [or] to otherwise appear in the instant matter for and on its behalf, within the time allowed by law." *Id.* at 1. Five Happiness claims that its failure to timely respond was not

willful because Five Happiness was allegedly improperly served with process and thought it had more time to respond. R. Doc. 8-2 at 2. Five Happiness contends that it learned of the entry of default on October 2, 2026, and immediately took steps to safeguard its rights by filing a motion to set aside default and an answer which was a delay for only four (4) days." *Id.* at 1.

Five Happiness also claims that there is no prejudice to Plaintiff because Plaintiff would suffer no harm other than requiring her to prove her case. *Id.* Further, Five Happiness claims to have a meritorious defense to Plaintiff's Complaint. *Id.* at 2.

On October 13, 2026, Plaintiff filed her Opposition to Defendant's instant motion. R. Doc. 10. Plaintiff acknowledges that defaults are generally disfavored and that courts favor resolution of cases on their merits but contends that Five Happiness has not satisfied its burden of demonstrating "good cause." *Id.* at 2. Plaintiff argues that Five Happiness "does not provide specific facts explaining why it failed to respond by the September 17 deadline, who made the mistake, what caused the mistake, or why the deadline was not timely addressed." *Id.* at 1-2. Plaintiff contends that Defendant relies largely on conclusory terms such as "mistake," "inadvertence," and "excusable neglect" without explaining specifically what caused the failure to answer on time. *Id.* at 2. Plaintiff requests that the Court require Five Happiness to provide a specific factual explanation for its failure to timely respond. *Id.* at 4.

On October 20, 2026, Five Happiness filed a reply memorandum. R. Doc. 11. Five Happiness contends that its previous arguments are sufficient to satisfy "good cause." *Id.* at 1. Five Happiness contends that Plaintiff did not effectuate service on the correct entity because "Five Happiness, Inc. was served as opposed to Five Happiness, LLC." *Id.* Five Happiness contends that it has a meritorious defense, and specifically that it set forth twenty-one affirmative defenses in its Answer. *Id.* at 2.

## II. Standard of Review

If service is not timely waived, a defendant must serve an answer within 21 days after being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A).

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

However, according to Rule 55(c), the court may set aside an entry of default for "good cause." FED. R. CIV. P. 55(c). The party challenging the entry of default bears the burden of proving good cause. *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (citation omitted). Whether to set aside an entry of default "lies within the sound discretion of the district court." *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

On a motion to set aside an entry of default, the district court should consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.*; *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). Additionally, the court may consider other factors such as "whether the party acted expeditiously to correct the default." *Walsh v. Eco Roof and Solar, Inc.*, No. 24-2153, 2026 WL 672750, at *3 (E.D. La. Mar. 10, 2026).

"[T]he standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." *One Parcel*, 763 F.2d at 183. "The Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Hernandez v. Cajun Bourbon, LLC*, No. 25-2015, 2026 WL 709681, at *2 (E.D. La. Mar. 13, 2026) (quoting *Roger v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)).

## III. <u>Analysis</u>

Five Happiness argues that good cause exists to set aside the clerk's entry of default. Five Happiness argues that its failure to respond was not willful, that it has a meritorious defense to Plaintiff's claims, and that Plaintiff would not be prejudiced if the entry of default were to be set aside. Five Happiness specifically contends service of process was effectuated improperly because the summons referred to Defendant as "Five Happiness, Inc." rather than "Five Happiness, LLC."

Plaintiff counters these arguments by contending that Five Happiness has not alleged facts specific enough to satisfy its burden of proving good cause. Plaintiff urges the Court to order Five Happiness to specify the facts which led to its failure to timely respond.

In response, Five Happiness reasserts its arguments and specifically contends that the entry of default should be set aside because it was not properly served with Plaintiff's Complaint. R. Doc. 11 at 1. In support of this argument, Five Happiness provides a copy of its registration as a limited liability company with the Louisiana Secretary of State. R. Doc. 11-1. According to the records provided by Five Happiness, the business changed its registration from a corporation to a limited liability company in 2009. *Id.* The alleged records also provide the name and address of Defendant's agent for service of process, Xikai Yao ("Yao"). *Id.*

The two factors which are determinative and have particular significance in a court's determination of whether to set aside an entry of default are (1) whether the default was willful, and (2) whether the defendant presents "a meritorious defense sufficient to support a finding on the merits for the defaulting party." *Walsh*, 2026 WL 672750, at *3 (citing *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008) (citation omitted)).

Relevant here, if service of process is not proper, "the court lacks jurisdiction over a defendant and an entry of default granted under such conditions is void." *Conwill v. Greenberg*

*Traurig, L.L.P.*, No. 09-4365, 2010 WL 2773239, at *3 (E.D. La. July 13, 2010) (as quoted in *Hunt Valley Restoration, LLC v. Berk-Cohen Associates, LLC*, No. 22-2795, 2023 WL 3159401, at *3 (E.D. La. Apr. 28, 2023)).

**A. <u>Willfulness</u>**

"A willful default is an 'intentional failure' to respond to litigation." *Walsh*, 2026 WL 672750, at *4 (citing *In re OCA*, 551 F.3d at 370 n.32). If the court finds that a defendant intentionally failed to file responsive pleadings, the inquiry ends and the entry of default will not be set aside. *Id.* (quoting *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015). In all other instances, the court must examine whether there has been "excusable neglect." *Young v. Telerecovery Corp.*, No. 19-11731, 2020 WL 6685008, at *2 (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)).

Five Happiness contends that its failure to respond was not willful, but instead was due to its own mistake, inadvertence, and excusable neglect. Five Happiness contends that it thought it had more time to file responsive pleadings. In support of this argument, Five Happiness alleges that it was served process on August 31, 2026. R. Doc. 8-2 at 1. However, according to the docket for the instant action, Five Happiness, Inc., not Five Happiness, LLC, was allegedly served with process on August 27, 2026. If the service was accurate then the deadline to file responsive pleadings would have been September 17, 2026.

Five Happiness contends that it was not properly served with process, and this Court has previously determined that defective or unresolved issues with service of process render a defendant's default not willful. *See Damond v. Experian Info. Sols., Inc.*, No. 25-1570, 2025 WL 3980883, at *7 (E.D. La. Dec. 12, 2025); *J&J Sports Prods., Inc. v. Bundee's, Inc.*, No. 18-3480, 2019 WL 5102239, at *2 (E.D. La. Oct. 11, 2019); *Badeaux v. Grand Isle Marina Constr., LLC*,

No. 17-4984, 2019 WL 1755523, at *3 (E.D. La. Apr. 18, 2019); *Vega v. Autumnwood Homes, Inc.*, No. 16-751, 2016 WL 6649215, at *2-3 (E.D. La. Nov. 9, 2016). For reasons not asserted by the Defendant, the Court finds that service of process was not accurate.

According to Federal Rule of Civil Procedure 4(h)(1), an unincorporated association, such as a limited liability company, must be served either: (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual" (*i.e.*, following the applicable state law for service, which in Louisiana includes personally delivering copies of the summons and complaint to the individual, leaving the copies at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there, or delivering the copies to an agent authorized by appointment, law, or mandate to receive service of process); or (B) "by delivering copies of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law. . . ." FED. R. CIV. P. 4(h)(1).

Five Happiness contends that the entry of default should be set aside because service was not effectuated on the correct entity, Five Happiness, LLC, but instead on its previous identity, Five Happiness, Inc. However, this Court has held that the misnomer of a corporation—or unincorporated association, as is the case here—in a summons which does not injure any party is generally immaterial. *See Young*, 2020 WL 6685008, at *3 (citing *Grandey v. Pacific Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954)). Five Happiness does not contend that it was injured by Plaintiff's misnaming on the summons. Therefore, the Court finds that Plaintiff's misnaming of the Defendant does not invalidate service of process. However, Defendant's belief that it had a good defense in insufficient service of process favors the conclusion that its default was not willful. *See Hunt Valley Restoration, LLC*, 2023 WL 3159401, at *3 (finding that a defendant's failure to act

was not willful because although defendant was mistaken, it believed it had a good defense in insufficient service of process).

The parties' arguments aside, the Court independently finds that service of process on Five Happiness, LLC, was ineffective. As previously mentioned, this Court lacks jurisdiction over a defendant that has not properly been served, and an entry of default against such a defendant is not enforceable. *See Conwill*, 2010 WL 2773239, at *3 (citation omitted). Further, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

According to the business filings maintained by the Louisiana Secretary of State, Five Happiness, LLC, is domiciled at 3605 S. Carrollton Avenue, New Orleans, Louisiana 70118. R. Doc. 11-1. Five Happiness's officers include Xikai Yao (Manager), Danqiu Lu (Member), and Yanrong Wang (Member). *Id.* The registered agent for service of process for Five Happiness, LLC, Xikai Yao, is located at 2830 Magazine Street, New Orleans, Louisiana 70115. *Id.* According to FED. R. CIV. P. 4(h), service of process may be properly rendered on Five Happiness, LLC, by delivering the summons and complaint to its registered agent, Yao, at 2830 Magazine Street.

Also located at 2830 Magazine Street in New Orleans, Louisiana, is Super Clawdom, LLC d/b/a Sake Cafe Uptown.[1] The only officer listed for the business is Yanrong Wang (Manager). The registered agent for service of process for Super Clawdom, LLC, is Yanrong Wang ("Wang"), who is located at 2830 Magazine Street, New Orleans, Louisiana 70115.

[1] La. Sec'y of State, Business Filings: Super Clawdom LLC (Charter No. 43313622K) (Previous Name: Sake Cafe 888 LLC) (last visited Nov. 12, 2026), la.gov; La Sec'y of State, Business Filings: Sake Cafe Uptown (Book No. 69-7987) (last visited Nov. 12, 2026), la.gov (trade name as designated by Safe Cafe 888 LLC, recently changed to Super Clawdom LLC).

Here, service was attempted on Five Happiness, LLC, at the proper address for its registered agent, 2830 Magazine Street, New Orleans, LA 70115. R. Doc. 3. However, the proof of service does not indicate the identity of the individual, if any, served with summons and the complaint on behalf of Five Happiness. R. Doc. 3 at 2. Without proof of the identity of the individual served, there is no proof that service was properly rendered upon Five Happiness, LLC's registered agent, Yao, and not some other individual at the same location, such as Wang. Therefore, this Court finds that Plaintiff did not effectively render service upon Five Happiness, LLC.

Because Defendant was not properly served, the clerk's entry of default is void, and further, Five Happiness, LLC's answer was never due. *Conwill*, 2010 WL 2773239, at *3 (citation omitted). Thus, Defendant Five Happiness, LLC, was never required to file responsive pleadings and only did so to protect its own interests. The Court finds this is good cause to set aside the clerk's entry of default.

## IV. Conclusion

The Court having found good cause to set aside the clerk's entry of default against Five Happiness pursuant to FED. R. CIV. P. 55(c),

**IT IS ORDERED** that the Defendant's **Motion to Set Aside Entry of Default (R. Doc. 8)** is **GRANTED.**

New Orleans, Louisiana, this 12th day of November 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**